IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | No. 1:22-CR-57 |
| | § | Crone-Hawthorn |
| FRANKIE MALIK CUNNINGHAM | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### INTRODUCTION

At all times material to the indictment the term "machine gun" as defined in Title 26 U.S.C. § 5845(b) means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

### Count One

                                                  Violation: 18 U.S.C. § 922(n) (Receipt of
                                                  a Firearm While Under Indictment)

On or about May 17, 2022, in the Eastern District of Texas, **Frankie Malik Cunningham**, defendant, who was then knowingly under indictment for a crime punishable by imprisonment for a term exceeding one year, did knowingly receive a

firearm, to wit: an Anderson Manufacturing, model AM-15, Multi caliber, serial no. 20336042 and/or a Glock pistol, model G21, .45 caliber, serial no. BFVF309 which had been shipped and transported in interstate commerce.

In violation of 18 U.S.C. § 922(n).

## Count Two

Violation: 18 U.S.C. § 922(o)(1)
(Possession of a Machinegun)

On or about May 17, 2022, in the Eastern District of Texas, **Frankie Malik Cunningham**, defendant, did knowingly possess and transfer a machinegun, to wit: a Glock pistol, model G21, .45 caliber, serial no. BFVF309 with a conversion device, which is a part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and is, therefore, a machinegun as defined in 26 U.S.C. § 5845(b).

In violation of 18 U.S.C. § 922(o)(1) and 924(a)(2).

## Count Three

Violation: 18 U.S.C. § 924(c)
(Possession of a Firearm in Furtherance of Drug Trafficking Crime)

On or about May 17, 2022, in the Eastern District of Texas, **Frankie Malik Cunningham**, defendant, did knowingly possess a firearm during and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, for a violation of 21 U.S.C. § 841(a), Possession with Intent to Distribute a Controlled

Substance, a Schedule I controlled substance, namely, a mixture or substance containing less than one (1) kilogram of marihuana.

In violation of 18 U.S.C. § 924(c).

### Firearms Forfeiture Allegation
(18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c))

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 922(n) set forth in Count One and Section 922(o)(1) set forth in Count Two of this Indictment, the defendant, **Frankie Malik Cunningham**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

> Glock pistol, model G21, .45 caliber, serial no. BFVF309;
>
> Glock pistol, model G44, .22 caliber, serial no. AEEW201; and
>
> Anderson Manufacturing, model AM-15, Multi caliber, serial no. 20336042.

If any of the property described above, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____        _____7-6-22_____
TOMMY L. COLEMAN                                     Date
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 1:22-CR-___ |
| FRANKIE MALIK CUNNINGHAM | § § | |

## NOTICE OF PENALTY

### Count One

Violation:   18 U.S.C. § 922(n).

Penalty:   Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

Special Assessment: $ 100.00

### Count Two

Violation:   18 U.S.C. § 922(o)(1) and 924(a)(2).

Penalty:   Imprisonment of not more than ten (10) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years.

Special Assessment: $ 100.00

### Count Three

Violation:   18 U.S.C. § 924(c)

Penalty:   Possession of a Firearm in Furtherance of a Drug Trafficking Crime

Imprisonment of not less than five (5) years or more than life, unless the firearm is brandished, in which case the minimum is seven (7) years, or unless the firearm is discharged, in which case the minimum sentence is ten (10) years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

If the firearm possessed is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the minimum sentence is ten (10) years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than twenty-five (25) years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

Special Assessment: $100.00